IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
WESTERN DIVISION

| | | |
|---|---|---|
| In re: | : | MDL Docket No. 4:03CV01507-WRW |
| | : | 4:05CV01055-WRW |
| PREMPRO PRODUCTS LIABILITY LITIGATION | : | |
| | : | |
| JOAN RANKIN and DANIEL RANKIN | : | PLAINTIFFS |
| v. | : | |
| WYETH, et. al. | : | DEFENDANTS |

**ORDER**

Pending is Defendants' Motion to Dismiss Duplicate Case (Doc. No. 8).

**I.   BACKGROUND**

Plaintiffs were originally part of a multi-plaintiff complaint that was filed in the Western District of Arkansas on January 26, 2005. The case was transferred on April 25, 2005, to this Court as part of MDL-1507.[1] On June 15, 2005, the multi-plaintiff complaint was severed, and Plaintiffs were directed to file an individual complaint. In compliance with the severance order, Plaintiffs filed the individual complaint in the Eastern District of Arkansas on July 29, 2005.[2] However, on July 6, 2005 -- represented by other counsel -- Plaintiffs filed a second case in the Western District of Arkansas. That cases was transferred to this MDL on October 13, 2005.[3]

**II.   DISCUSSION**

As Defendants point out, Plaintiffs currently have two cases pending in federal court against the same Defendants, regarding the same issues.

---

[1]*Adkisson, et al v. Wyeth, et al.*, No. 4:05-CV-00636-WRW (E.D. Ark. April 25, 2005).

[2]*Rankin v. Wyeth, et al.*, No. 4:05-CV-01055-WRW (E.D. Ark. July 29, 2005).

[3]*Rankin v. Wyeth, et al.*, No. 4:05-CV-01485-WRW (E.D. Ark. October 13, 2005).

"Although no precise rule has evolved with regard to the handling of instances where identical issues are raised in cases pending in different federal courts, the general principle is to avoid duplicative litigation."[4]  A litigant should not be "able to litigate the same issue at the same time in more than one federal court . . . ."[5]  The Eighth Circuit recognizes that the "well-established rule is that in cases of concurrent jurisdiction, 'the first court in which jurisdiction attaches has priority to consider the case.'"[6]  Under this "first-filed complaint rule," a court may dismiss the second-filed case and allow Plaintiff to proceed with the case filed first.  Although this rule "is not intended to be rigid, mechanical, or inflexible . . . in the absence of compelling circumstances . . . the first-filed rule should apply."[7]

Defendants contend that this case should be dismissed because it was filed after Plaintiffs filed the second suit in the Western District of Arkansas on July 6, 2006.  However, the June 15, 2005, severance order never dismissed Plaintiffs from the *Adkisson* case -- it simply severed Plaintiffs' case.  In fact, the Order preserved Plaintiffs' case until they payed the clerk the filing

---

[4]*Brewer v. Swinson*, 837 F.2d 802, 804 (8th Cir. 1988) (citing *Colorado River Water Conservation Dist. v. U.S.*, 424 U.S. 800, 817 (1976)).

[5]*Crowley Cutlery Co. v. U.S.*, 849 F.2d 273, 279 (7th Cir. 1988). See also *Remington Rand Corp.-Delaware v. Business Systems, Inc.*, 830 F.2d 1274, 1276 (3d Cir. 1987) (dismissing case that involved "precisely the same parties as the ongoing plenary action presently before the district court); *Blinder, Robinson & Co., Inc. v. U.S.S.E.C.*, 692 F.2d 102 (10th Cir. 1982) (holding that a Court may abate a case "where another suit, involving the identical issues, is pending either in federal or state court, and it would be duplicative, uneconomical and vexatious to proceed."); *Hardwick v. Brinson*, 523 F.2d 798, 800 (5th Cir. 1975) (holding that a Plaintiff who filed identical cases in both the Northern District of Georgia and the Southern District of Georgia, was "entitled to have his claims considered . . . by only one of the courts he has selected.").

[6]*U.S. Fire Ins. Co. v. Goodyear Tire & Rubber Co.*, 920 F.2d 487, 488 (8th Cir. 1990) (quoting *Orthmann v. Apple River Campground, Inc.*, 765 F2d 119 (8th Cir. 1985)).

[7]*U.S. Fire Ins. Co.,* 920 F.2d at 488-89 (citations omitted).

fee so a new case file could be opened in the Eastern District of Arkansas.[8]  Plaintiffs timely complied with the Order.[9]  Considering that Plaintiffs' claims from the *Adkisson* case were still pending when the July 6, 2006, complaint was filed in the Western District of Arkansas, the July 6, 2006, case is actually the duplicate case.

## CONCLUSION

Based on the findings of fact and conclusions of law above, Defendants' Motion to Dismiss Duplicate Case (Doc. No. 8) is DENIED.

IT IS SO ORDERED this 9th day of January, 2009.

/s/ Wm. R. Wilson, Jr. _____
UNITED STATES DISTRICT JUDGE

---

[8]The Order reads:
This case is to be SEVERED in accordance with Federal Rule of Civil Procedure 21. In order to have a case file created, each plaintiff **MUST**, within twenty (20) days of the date of this order, pay the $250.00 civil filing fee for each severed case.

Plaintiff's payment must be accompanied with a letter informing the Clerk of the Court of Plaintiff's original case name and number, that her individual case is being severed from the original case, and that payment is being made to create a new case file.  Receipt of payment will result in a new individual case file on behalf of each Plaintiff.  If a plaintiff fails to pay the filing fee to the Eastern District of Arkansas, that plaintiff's claims will be DISMISSED WITHOUT PREJUDICE for failure to prosecute.  *Adkisson, et al v. Wyeth, et al.*, No. 4:05-CV-00636-WRW, Doc. No. 3 (emphasis in original).

[9]Plaintiffs were given an extension of time -- until August 12, 2005 -- to comply. See *Adkisson, et al v. Wyeth, et al.*, No. 4:05-CV-00636-WRW, Doc. No. 5.